THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | |
|---|---|
| STEPHEN DIXON<br>　　　　Plaintiff, | )<br>) JURY TRIAL DEMANDED |
| | ) |
| v. | ) Case No. |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., EQUIFAX | ) |
| INFORMATION SERVICES, LLC, | ) |
| 　　　　Defendants. | ) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

## INTRODUCTION

COMES NOW the Plaintiff Stephen Dixon ("Mr. Dixon" or "Plaintiff"), an individual consumer, by Counsel, and for his Complaint against Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC (collectively referred to as "CRAs"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

1

2.  Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3.  This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4.  To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5.  Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.  Venue in this District is proper in that the Defendant regularly conducts business in the State of Oklahoma.

### III.  PARTIES

7.  Plaintiff Stephen Dixon is a natural person residing in Oklahoma.

8.  Plaintiff Stephen Dixon is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9.  Upon information and belief, Experian Information Solutions, Inc. is a California corporation duly authorized and qualified to do business in the State of Georgia.

10. Experian is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

11. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

12. Equifax is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## IV.    FACTS OF THE COMPLAINT

13. On or about June 3, 2025, Mr. Dixon obtained a copy of his consumer credit disclosure from Experian Information Solutions, Inc.

14. On June 3, 2025, Mr. Dixon obtained a copy of his consumer credit disclosure from Equifax Information Services, LLC.

15. Mr. Dixon obtained each of the disclosures from the three nationwide consumer reporting agencies through www.annualcreditreport.com.

16. Each disclosure failed to satisfy the standards set forth by the Fair Credit Reporting Act.

<u>Experian</u>

17. Pursuant to 15 U.S.C. § 168lg(a), upon receipt of Mr. Dixon's request, Experian was required to "clearly and accurately" disclose all information in Mr. Dixon's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

18. Despite this statutory requirement, Experian's disclosure failed to include a substantial amount of information actually present in Mr. Dixon's credit file.

19. On or about June 24, 2025, Mr. Dixon submitted a detailed written dispute to Experian, identifying numerous instances of incomplete information,

inaccuracies, and omissions associated with several accounts and requesting appropriate corrections.

20. Mr. Dixon's dispute letter plainly identified and described the disputed Accounts.

21. The nature of the errors and omissions was expressly stated in the dispute, enabling Experian to understand precisely what required correction.

22. On or about July 17, 2025, Mr. Dixon obtained an updated copy of his Experian consumer disclosure via www.annualcreditreport.com.

23. This subsequent disclosure continued to reflect substantial errors and omissions in his credit file.

24. These errors and omissions were numerous and included, but were not limited to, missing full account numbers for all accounts and the following:

- Discover:

    o The balance history is incomplete and inaccurate. It displays the balances and scheduled payments for the account from August 2023 through June 2025. However, it displays $0 paid for each month reported, which is inaccurate.

    o The balance history from April 2018 through May 2023 is omitted.

    o The payment history for April and May 2018 is omitted despite the account being opened in March 2018.

- JPMCB Card:

    o The balance history is incomplete and inaccurate. It displays the balances and scheduled payments for the account from

August 2023 through July 2025. However, it displays $0 paid for each month reported, which is inaccurate.

o  The balance history from 2018 through May 2023 is omitted.

o  Both April 2024 and March 2024 display $0 for each category, which is inaccurate and incomplete.

- Westreet Federal Credit:

   o  The payment history is incomplete. This company is furnishing, and Experian is publishing fifteen separate tradelines, all with truncated account numbers. Plaintiff has not had 15 separate loans with this company.

   o  This creates a materially misleading and confusing impression for both Plaintiff and potential creditors.

   o  One of the fifteen shows "No Data" (No Data) for August 2023, indicating missing monthly reporting.

<u>Equifax</u>

25. Equifax was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Mr. Dixon all the information in his file, subject to the same limited exception regarding truncation of his Social Security number.

26. Equifax's disclosure omitted critical information contained within his credit file, thereby failing to meet this requirement.

27. The omitted data included inaccurate information, re-aged data, and incomplete account details.

6

28. On or about June 24, 2025, Mr. Dixon submitted a dispute letter to Equifax, identifying numerous deficiencies across multiple accounts and requesting correction.

29. The disputed Accounts were clearly identified and described in his correspondence.

30. Mr. Dixon specifically outlined the nature of the inaccuracies and omissions so that Equifax could not reasonably misunderstand the dispute.

31. On or about August 20, 2025, Mr. Dixon obtained a new copy of his Equifax consumer disclosure via www.annualcreditreport.com.

32. The subsequent disclosure continued to reflect substantial errors and missing data.

33. These errors and omissions were numerous and included, but were not limited to, missing full account numbers for all accounts and the following:

- Westreet Federal Credit Union: Multiple tradelines.

    o The payment history is incomplete. This company is furnishing, and Experian is publishing fifteen separate tradelines, all with truncated account numbers. Plaintiff has not had 15 separate loans with this company. This creates a materially misleading and confusing impression for both Plaintiff and potential creditors.

    o One of the fifteen shows "No Data" (No Data) for August 2023.

    o Another one of the fifteen shows "No Data" (No Data) for February 2025 Actual Payment Amount.

- JPMCB Card Services:

    o The 24 Month history is incomplete and inaccurate. It displays the balances and scheduled payments for the account from August 2023 through July 2025. However, it displays "No Data Available" for the Actual Payment Amount paid for each month reported, which is inaccurate.

    o The payment history from May 2018 through September 2019 is missing.

    o In addition, in the 24-month history, April 2024 and March 2024 both display $0 for Balance, and "no data available" for both scheduled payment amount and actual payment amount.

- Discover Card:

    o The account was opened in March 2018; however, the payment history is missing data from March 2018 through September 2019.

    o It shows "ND" (No Data) for the Actual Payment Amount for the entire 24-month history.

    o November 2021. Although the account was opened in 2015, the payment history does not begin until March 2019, omitting over four years of activity. Moreover, despite being charged off in December 2019, the tradeline continues to report an outstanding balance of $2,521. These discrepancies raise significant concerns regarding the accuracy and integrity of the account's reporting.

34. Under 15 U.S.C. § 1681g(a), upon receipt of Mr. Dixon's request, all Defendants were legally obligated to provide Mr. Dixon with a complete and accurate disclosure of all information in his credit files at the time of his request.

35. Defendants provided an electronic copy of Mr. Dixon's Consumer Disclosure via www.annualcreditreport.com.

36. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Mr. Dixon's credit file.

37. Each Defendant failed to disclose full account numbers.

38. Each Defendant failed to properly investigate Mr. Dixon's disputes.

39. These failures and omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

40. Accordingly, Equifax's and Experian's violations of the FCRA were willful.

41. Mr. Dixon is entitled to receive a complete, accurate, and transparent disclosure of his credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

42. By failing to meet this requirement, Defendants deprived Mr. Dixon of a right expressly granted by federal law.

43. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA.

## CAUSES OF ACTION

44. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

45. All causes of action were the producing causes of damages, which Mr. Dixon suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g

46. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

47. Defendants violated the FCRA.

48. Defendants' violations include, but are not limited to, the following:

> Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

49. Experian and Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

50. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF
## 15 U.S.C. § 1681i

51. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

52. Experian and Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

53. As a result of Experian's and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including, without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

54. Experian's and Equifax's conduct in violating § 1681i was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive

damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

55. In the alternative, Experian and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**THIRD CLAIM FOR RELIEF**
**15 U.S.C. § 1681e(b)**

56. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

57. Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

58. Experian and Equifax's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

59. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**JURY DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Stephen Dixon respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants

Experian Information Solutions, Inc. and Equifax Information Services, LLC, for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _____
    JEFFREY A. WILSON

13